# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SERAFIN JARAMILLO-ECHEVERRIA,** }<br>}<br>**Plaintiff,** }<br>}<br>v. }<br>}<br>}<br>**UNITED STATES OF AMERICA,** }<br>}<br>**Defendant.** } | **Case Numbers:**<br>**2:16-cv-08110-MHH;**<br>**2:15-cr-00146-MHH-TMP** |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 2255, Serafin Jaramillo-Echeverria has challenged his convictions for federal drug and firearms offenses. (Docs. 1, 3; Doc. 34 in 2:15-cr-00146). In his original motion to vacate, Mr. Jaramillo-Echeverria challenged only his conviction for knowingly carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1). Mr. Jaramillo-Echeverria then filed a motion to amend, adding as grounds for relief his contention that his attorney was ineffective. (Doc. 3, pp. 1–2).

Mr. Jaramillo-Echeverria also has asked the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 17; Doc. 35 in 2:15-cr-00146). Because the factual background for Mr. Jaramillo-Echeverria's § 2255 motion and for his § 3582(c)(2) motion is the same, the Court will resolve both motions in this opinion,

evaluating each motion under its relevant statutory framework. The Court will enter this opinion in Cases 2:15-cr-00146 and 2:16-cv-08110.

**I.     Background**

On July 15, 2015, Mr. Jaramillo-Echeverria, with the assistance of a Spanish interpreter, pleaded guilty to all counts in a five-count indictment. Mr. Jaramillo-Echeverria pleaded guilty to one count of possession with intent to distribute and distribution of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Count I; two counts of possession with intent to distribute 50 grams or more of methamphetamine a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Counts II and IV; one count of knowingly carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A), Count III; and one count of being an illegal alien in possession of a firearm, a violation of 18 U.S.C. § 922(g)(5), Count V. (Doc. 17 in 2:15-cr-00146). There was no written plea agreement, so Mr. Jaramillo-Echeverria did not waive his right to file a post-judgment motion or an appeal. During the plea hearing and the subsequent sentencing hearing, the Federal Public Defender represented Mr. Jaramillo-Echeverria. Based on his sworn answers to the Court during his change of plea hearing, the Court determined that Mr. Jaramillo-Echeverria was acting voluntarily, and the Court accepted Mr. Jaramillo-Echeverria's guilty pleas. (July 15, 2015 minute entry).

Mr. Jaramillo-Echeverria's convictions stem from two incidents in which Mr. Jaramillo-Echeverria sold methamphetamine to a DEA task force confidential source – a CS.[1]  On April 8, 2015, Mr. Jaramillo-Echeverria sold a "sample" of methamphetamine to the CS and agreed to sell the CS more methamphetamine in the future.  (Doc. 27, p. 6, ¶ 11 in 2:15-cr-00146).[2]  During the second sale on April 10, 2015, task force officers arrested Mr. Jaramillo-Echeverria and recovered a loaded Hi-Point .45 caliber semi-automatic weapon from his waistband.  Agents also recovered a gift bag containing 525.5 net grams of methamphetamine, which converts to 505.2 grams of pure methamphetamine.  (Doc. 27, p. 6, ¶ 13 in 2:15-cr-00146).[3]  After officers advised Mr. Jaramillo-Echeverria of his *Miranda* rights in Spanish, Mr. Jaramillo-Echeverria directed the agents to his home, gave verbal and written consent to a search, and revealed a hidden compartment in the wall containing five plastic bags containing 123.7 net grams of methamphetamine and a digital scale.  (Doc. 27, p. 7, ¶¶ 14–15 in 2:15-cr-00146).[4]

---

[1] These facts were set out in the Presentence Investigation Report, (Doc. 27 in 2:15-cr-00146), and the Court adopted these facts without change during sentencing.  (Doc. 30 in 2:15-cr-00146).

[2] DEA Chemical analysis showed the sample to be 3.4 net grams of methamphetamine at 94% purity, resulting in 3.1 grams of pure methamphetamine.  (Doc. 27, p. 7, ¶ 16 in 2:15-cr-00146).

[3] DEA Chemical analysis showed the 525.5 net grams of methamphetamine was 96.2% pure, resulting in 505.2 grams of pure methamphetamine.  (Doc. 27, p. 7, ¶ 16 in 2:15-cr-00146).

[4] DEA Chemical analysis of the substance in the baggies revealed 123.7 net grams of methamphetamine that was 91.1% pure, resulting in 112.6 grams of pure substance.  (Doc. 27, p. 7, ¶ 16 in 2:15-cr-00146).

Both Mr. Jaramillo-Echeverria's statement of his willingness to sell methamphetamine to the CS again and the volume of the methamphetamine that Mr. Jaramillo-Echeverria possessed evidence his intent to distribute the illegal substance. The statutory maximum term of imprisonment for possession with intent to distribute more than 50 grams of methamphetamine is life, and the mandatory minimum is 10 years. 21 U.S.C. § 841(b)(1)(A). The maximum term for carrying a firearm during and in relation to drug trafficking is life, and the mandatory minimum is five years imprisonment. 18 U.S.C. § 924(c)(1)(A). A sentence for carrying a firearm during and in relation to drug trafficking must run consecutive to sentences for other convictions, including the underlying crime. 18 U.S.C. § 924(c)(1)(D)(ii). The statutory maximum for being an illegal alien in possession of a firearm is 10 years. 18 U.S.C. § 924(a)(2).

Based on Mr. Jaramillo-Echeverria's total offense level and criminal history, the United States Probation Office calculated a guideline imprisonment range for him of 108 months to 135 months for the drug and alien in possession of a firearm charges, which converted to a range of 120 to 135 months after application of the mandatory 10-year minimum under 21 U.S.C. § 841(b)(1)(A). The guideline range for carrying a firearm during and in relation to drug trafficking was 60 consecutive months. (Doc. 27, p. 15, ¶¶ 62–64 in 2:15-cr-00146). The Court adopted the calculated guideline range and sentenced Mr. Jaramillo-Echeverria to 120 months

on Counts I, II, IV, and V, and 60 consecutive months on Count III for carrying a firearm during and in relation to drug trafficking. (Doc. 29, p. 2 in 2:15-cr-00146). Because Mr. Jaramillo-Echeverria did not appeal his conviction or sentence, his conviction became final on March 9, 2016, fourteen days after the Court entered judgment against him. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."); Fed. R. App. P. 4(b)(1) (establishing 14-day deadline for appeals by criminal defendants); (Doc. 29, p. 1 in 2:15-cr-00146).

Mr. Jaramillo-Echeverria filed his § 2255 motion on June 26, 2016 and his § 3582 motion on June 27, 2016. (Doc. 1; Doc. 34 in 2:15-cr-00146); (Doc. 18; Doc. 35 in 2:15-cr-00146). Mr. Jaramillo-Echeverria filed his motion to amend his § 2255 on February 13, 2017. (Doc. 3). In his motion to amend, Mr. Jaramillo Echeverria asked the Court to notify him when his motion was docketed so that he might file a brief in support of the motion. (Doc. 3, p. 2).

Before responding to Mr. Jaramillo-Echeverria's § 2255 motion, the United States contacted Glennon Threatt, the attorney from the Federal Public Defender's office who represented Mr. Jaramillo-Echeverria through judgment, and requested an affidavit concerning Mr. Jaramillo-Echeverria's ineffective assistance of counsel claim. (Doc. 9, p. 1). Mr. Threatt filed a motion requesting a ruling on whether Mr.

5

Jaramillo-Echeverria waived attorney-client privilege on the matters raised in his motion. (Doc. 8). The Court postponed a ruling on the waiver issue until it determined whether it would require evidence to resolve the ineffective assistance of counsel claim. (Doc.14, p. 3). In response to Mr. Jaramillo-Echeverria's request for a briefing schedule on his § 2255 motion, the Court gave the United States 21 days to respond to Mr. Jaramillo-Echeverria's motion, and the Court gave Mr. Jaramillo-Echeverria 21 days to file a reply brief. (Doc. 14, pp. 3–4). The parties submitted briefs regarding Mr. Jaramillo-Echeverria's § 2255 motion, (Docs. 15, 16), and the United States responded to Mr. Jaramillo-Echeverria's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 19; Doc. 42 in 2:15-cr-00146).

**II. Discussion**

**A. Motion to Modify Sentence**

Under 18 U.S.C. § 3582, a federal prisoner may seek modification of a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Subsequently" is the operative word with respect to Mr. Jaramillo-Echeverria's motion.

Mr. Jaramillo-Echeverria argues that he should have received a two-point reduction in offense level for his drug trafficking offenses pursuant to Amendment 782 to the United States Sentencing Commission guidelines. Amendment 782

became effective on November 1, 2014, before Mr. Jaramillo-Echeverria was charged with and eventually pleaded guilty to the drug offenses described in his indictment. Therefore, § 3582 does not provide a basis for modification of his sentence.

In addition, the applicable statutory minimum for Mr. Jaramillo-Echeverria's drug offenses in Counts II and IV obligated the Court to impose at least a 120-month sentence for those offenses because Mr. Jaramillo-Echeverria acknowledged that he possessed with intent to distribute more than 500 grams of methamphetamine. Mr. Jaramillo-Echeverria did not qualify for the safety valve exception to the mandatory minimum sentence because he possessed a firearm in connection with the drug offenses. 18 U.S.C. § 3553(f)(2). Therefore, even if the guideline calculation in his PSR were incorrect, his sentence would not change because the Court was required by statute to impose at least a 120-month sentence for the drug offenses, and the Court imposed a 120-month sentence for the drug offenses. (Doc. 29, p. 2 in 2:15-cr-00146).

Consequently, the Court denies Mr. Jaramillo- Echeverria's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**B. Motion to Vacate**

    **1. Standard of Review**

became effective on November 1, 2014, before Mr. Jaramillo-Echeverria was charged with and eventually pleaded guilty to the drug offenses described in his indictment. Therefore, § 3582 does not provide a basis for modification of his sentence.

In addition, the applicable statutory minimum for Mr. Jaramillo-Echeverria's drug offenses in Counts II and IV obligated the Court to impose at least a 120-month sentence for those offenses because Mr. Jaramillo-Echeverria acknowledged that he possessed with intent to distribute more than 500 grams of methamphetamine. Mr. Jaramillo-Echeverria did not qualify for the safety valve exception to the mandatory minimum sentence because he possessed a firearm in connection with the drug offenses. 18 U.S.C. § 3553(f)(2). Therefore, even if the guideline calculation in his PSR were incorrect, his sentence would not change because the Court was required by statute to impose at least a 120-month sentence for the drug offenses, and the Court imposed a 120-month sentence for the drug offenses. (Doc. 29, p. 2 in 2:15-cr-00146).

Consequently, the Court denies Mr. Jaramillo- Echeverria's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**B. Motion to Vacate**

    **1. Standard of Review**

Under 28 U.S.C. § 2255, following conviction and sentencing, a federal prisoner may file a motion in the sentencing court "to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States," or if "the court was without jurisdiction to impose such a sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a).

To obtain relief under § 2255, a petitioner must file a non-successive motion or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; file the motion in the court where the conviction or sentence was received, see *Partee v. Attorney Gen. of Ga.*, 451 Fed. Appx. 856 (11th Cir. 2012); file the motion within the one-year statute of limitations, 28 U.S.C. § 2255(f); be "in custody" at the time of filing the motion, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see McFarland v. Scott*, 512 U.S. 849, 856 (1994); and swear or verify the motion pursuant to 28 U.S.C. § 1746.

In deciding whether a petitioner's motion warrants an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas

8

relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474.

The Court has interpreted Mr. Jaramillo-Echeverria's § 2255 motion liberally because he is not represented by an attorney in this § 2255 proceeding. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted by [the petitioner] in the present case, are entitled to liberal construction.").

### 2. *Johnson* Claim

Mr. Jaramillo-Echeverria argues that his conviction for carrying a firearm during and in relation to a drug trafficking crime should be vacated pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court issued its opinion in *Johnson* on June 26, 2015, before Mr. Jaramillo-Echeverria's conviction. Mr. Johnson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the United States moved under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), for an increased prison term based on Mr. Johnson's criminal history. In *Johnson*, the Supreme Court held that the residual clause of the ACCA's violent-felony definition was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

The *Johnson* decision does not help Mr. Jaramillo-Echeverria because he was not convicted as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)

with an enhanced sentence pursuant to the ACCA's residual clause. Mr. Jaramillo-Echeverria was convicted of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Therefore, *Johnson* does not apply to Mr. Jaramillo-Echeverria's conviction and sentence.

More recently, in *United States v. Davis*, the United States Supreme Court held that the "crime of violence" language in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319 (2019). The *Davis* opinion does not afford Mr. Jaramillo-Echeverria relief because he was convicted of possessing a firearm in furtherance of a drug trafficking crime per §§ 924(c)(1)(A) and 924(c)(2). Mr. Jaramillo-Echeverria was not convicted of carrying a firearm in relation to a crime of violence under § 924(c)(3)(B).

Consequently, the Court denies Mr. Jaramillo-Echeverria's motion to vacate his conviction for carrying a firearm during and in relation to drug trafficking crime.

### 3. Ineffective Assistance of Counsel Claims

Mr. Jaramillo-Echeverria contends that his trial counsel was ineffective for several reasons. Mr. Jaramillo-Echeverria asserts that his attorney did not "negotiate [] or discuss any offer of a plea deal with the United States," "fail[ed] to effectively represent petitioner prior to and during sentencing process and recommending petitioner to enter a 'blind plea' with the Court," and "fail[ed]to take an appeal." (Doc. 3, pp. 1–2). In his motion to amend his § 2255 motion, Mr.

Jaramillo-Echeverria did not provide facts to support his allegations of ineffective assistance of counsel, but he did ask the Court to provide a timetable for him to "file a further memorandum of law and brief in support of these additional grounds." (Doc. 3, p. 2).

In his reply to the United States' brief, Mr. Jaramillo-Echeverria incorporated signed statements identifying facts regarding his conversations with his trial counsel.[5] Mr. Jaramillo-Echeverria states that his "Attorney[] failed to file an appeal as requested." (Doc. 16, p. 2). Mr. Jaramillo-Echeverria states that he spoke with his counsel "right after sentencing about the possibility[] of filing an appeal," and was told "I am sorry, this is the best[] I could do for you, there is nothing to appeal." (Doc. 16, p. 2). Mr. Jaramillo Echeverria states he "tryed [sic] to convince the attorney, but all attempts were unsuccessful." (Doc. 16, p. 5). Mr. Jaramillo-Echeverria also states that his attorney sent him a letter two weeks later, after the time for appeal had passed, notifying him there were no grounds to appeal. (Doc. 16, p. 2). Mr. Jaramillo-Echeverria acknowledges that the Court advised him of his right to appeal. (Doc. 16, pp. 3–4). Mr. Jaramillo-Echeverria provided no

---

[5] Typically, arguments raised for the first time in a reply brief are not properly before the Court. Because Mr. Jaramillo-Echeverria is proceeding *pro se*, and because Mr. Jaramillo-Echeverria seems to have intended to provide facts in a brief and misunderstood that he should include factual allegations in his § 2255 motion, the Court will construe the factual assertions in his reply brief as evidence in support of his claims for habeas relief. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("We liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255.").

facts concerning his other theories of ineffective assistance of counsel, so he seems to have abandoned those grounds for relief.[6]

To warrant an evidentiary hearing on his ineffective assistance of counsel claim based on his contention that his attorney "fail[ed] to take an appeal," Mr. Jaramillo-Echeverria must plead facts that, if true, would meet the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Jaramillo must show both that his counsel's representation "fell below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him, such

---

[6] As to Mr. Jaramillo-Echeverria's contention that his counsel was deficient in failing to negotiate a written plea agreement and in advising him to plead guilty, Mr. Jaramillo-Echeverria must show that his attorney's representation was deficient and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Mr. Jaramillo-Echeverria pleaded guilty to all five counts against him without a written plea agreement. Mr. Jaramillo-Echeverria does not allege that his plea was coerced or unknowing so as to render it involuntary, nor does he assert that he would have insisted on going to trial had his attorney not advised him to plead guilty. After examining Mr. Jaramillo-Echeverria at his change of plea hearing, the Court found that he was acting voluntarily. Given the evidence against Mr. Jaramillo-Echeverria and the Court's imposition of the statutory minimum sentence, the Court does not find that Mr. Jaramillo-Echeverria was prejudiced by his attorney's failure to negotiate a written plea agreement or by his attorney's advising him to plead guilty.

With respect to Mr. Jaramillo-Echeverria's contention that his trial counsel "fail[ed] to communicate a plea deal offer with the United States," (Doc. 3, p. 1), the Court cannot tell whether Mr. Jaramillo-Echeverria is alleging that his attorney received an offer from the United States and did not convey it, or if Mr. Jaramillo-Echeverria is repeating his assertion that his attorney "fail[ed] to negotiate or discuss any offer of a plea deal with the United States," (Doc. 3, p. 1). Either way, Mr. Jaramillo-Echeverria pleads no facts to support an assertion that the United States made an offer, and in his reply brief, Mr. Jaramillo-Echeverria declines to elaborate on this claim, stating "he prefers to preserve it." (Doc. 16, p. 5). Because Mr. Jaramillo-Echeverria's claim is an unsupported conclusory allegation, the Court denies his claim for relief on his claim of ineffective assistance of counsel for failure to communicate a plea.

that there is a reasonable probability that but for counsel's unreasonable conduct, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88.

In analyzing counsel's performance, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. But "[a] lawyer who disregards specific instructions from the defendant to file notice of an appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v United States*, 395 U.S. 327 (1969)). The defendant is presumed to be prejudiced and is entitled "to an appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriquez*, 395 U.S. at 329–30).

Where a defendant has not expressly instructed his attorney to file an appeal, the attorney's performance is deficient if he fails to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's failure to consult with him about an appeal, he would have timely filed an appeal. *Flores-Ortega*, 528 U.S. at 484.

It is unclear from his filings whether Mr. Jaramillo-Echeverria contends that his attorney failed to file an appeal as directed or failed to consult with him about an appeal. The sworn statement incorporated into Mr. Jaramillo-Echeverria's reply brief states "Attorney[] failed to file an appeal as requested," (Doc. 16, p. 2), but Mr. Jaramillo-Echeverria argues in his brief that "counsel should have consulted with [him] . . . and made sure that [he] did not want to follow the Court's invitation and pursue an appeal." (Doc. 16, p. 4). Construing Mr. Jaramillo-Echeverria's pleadings liberally, the Court finds that Mr. Jaramillo-Echeverria alleges both that Mr. Threatt failed to file an appeal at his direction and failed to adequately consult with him about his right to appeal.[7] By separate order, the Court will set this matter for an evidentiary hearing on the failure to appeal claim, at which Mr. Threatt can provide testimony limited to these matters.

The Court offers the following general observations regarding Mr. Jaramillo-Echeverria's ineffective assistance of counsel arguments. A written plea

---

[7] With respect to the adequacy of the advice that Mr. Jaramillo-Echeverria's attorney allegedly provided regarding his ability to appeal, Mr. Jaramillo-Echeverria's describes the Court's failure to discuss with him "that the right to appeal would be limited by the pleas agreement" and the Court's failure to provide a "caveat regarding the limited appellate waiver" and contends that the Court's failures "trigger[ed] a duty on the part of his Attorney[] to ensure that Mr. Jaramillo understood how the limited appellate waiver in his plea agreement fit with the Court's statement to Mr. Jaramillo that he had the right to appeal the sentence." (Doc. 16, p. 3; *see also* Doc. 16, p. 4). Because Mr. Jaramillo-Echeverria did not sign a written plea agreement with the United States, he did not waive his right to appeal. In other words, there is no limited appellate waiver in Mr. Jaramillo-Echeverria's case, so his attorney had no obligation to explain to him the impact of such a waiver. The Court denies Mr. Jaramillo-Echeverria's § 2255 motion to the extent that his ineffective assistance of counsel contention rests on the appeal waiver theory.

agreement likely would have curbed Mr. Jaramillo-Echeverria's appeal rights because the United States typically requires an appeal waiver in a written plea agreement. By pleading guilty without a written plea agreement, Mr. Jaramillo-Echeverria preserved all of his appeal rights. If Mr. Threatt told Mr. Jaramillo-Echeverria that there was nothing to appeal with respect to his sentence, that likely is because the Court imposed the lowest possible sentence, given the mandatory minimum sentence of 120 months on the drug charges and the mandatory minimum consecutive sentence of 60 months on the gun charge in Count III. *See* p. 4 above. Had the Court imposed the statutory maximum sentences of life imprisonment on these charges, then Mr. Threatt likely would have advised Mr. Jaramillo-Echeverria to appeal, but because the Court could not have imposed a lower sentence (because of the mandatory statutory minimum sentences), Mr. Threatt reasonably could have advised Mr. Jaramillo-Echeverria that there was no basis for an appeal of his sentence.

Because the United States in its response to the § 2255 motion refers to transcripts of proceedings that do not appear in the Court's electronic record, the Court orders the United States "to furnish them within a reasonable time that will not unduly delay the proceedings." Rule 5(c), *Rules Governing Section 2255 Proceedings for the United States District Courts*.

## III. Conclusion

By separate order, the Court will deny Mr. Jaramillo-Echeverria's motion for sentence modification under 18 U.S.C. § 3582 (c)(2). (Doc. 17, Doc. 35 in 2:15-cr-00146). The Court directs the Clerk to please enter this opinion in Case 2:15-cr-00146.

For the reason discussed above, the Court denies Mr. Jaramillo-Echeverria's motion to vacate his conviction under 28 U.S.C. § 2255 based on his *Johnson* claim and his claims of ineffective assistance of counsel based on his attorney's failure to negotiate a plea and on his attorney's advice to change his plea from not guilty to guilty. The Court will resolve Mr. Jaramillo-Echeverria's ineffective assistance of counsel claims regarding his appeal rights after an evidentiary hearing.

**DONE** and **ORDERED** this May 28, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE